NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

YUMA MESA LAND, L.L.C., an Arizona limited liability
company, et al.; SAGUARO DESERT LAND, INC.,
an Arizona corporation; HALLS' GENERAL CONTRACTOR L.L.C.,
an Arizona limited liability company,
*Plaintiffs/Appellants*,

*v.*

LYNDA BUSHONG, in her official capacity as City Clerk
of the City of Yuma, Arizona; CITY OF YUMA, ARIZONA,
a municipal corporation; ROBYN POUQUETTE, in
her official capacity as Yuma County Recorder and Elections
Director; YUMA COUNTY, a political subdivision of the
State of Arizona; LENORE LORONA STUART,
RUSSELL McCLOUD, RUSS CLARK, MARCO A. REYES,
and GREGORY S. FERGUSON, in their official capacities
as members of the Yuma County Board of Supervisors,
*Defendants/Appellees*,

RESIDENTS AGAINST SAGUARO APARTMENTS
COLLECTING SIGNATURES FOR NO ON REF 2016-01,
an Arizona political committee,
*Real Party in Interest/Appellee.*

No. 1 CA-CV 16-0368 EL
FILED 8-10-2016

Appeal from the Superior Court in Yuma County
No. S1400CV201600239
The Honorable John P. Plante, Judge

**AFFIRMED**

COUNSEL

John A. Weil, Yuma
*Counsel for Plaintiffs/Appellants*

Snell & Wilmer, LLP, Phoenix
By Adam E. Lang, Kelly A. Kszywienski, Matt Jarvey
*Counsel for Defendants/Appellees City of Yuma and Bushong*

Yuma County Attorney's Office, Yuma
By William J. Kerekes
*Counsel for Defendants/Appellees Pouquette and Yuma County, et al.*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Randall M. Howe joined.

---

**J O H N S E N**, Judge:

**¶1**         This is an expedited appeal of an election dispute. *See* ARCAP 10. Appellants seek to build an apartment complex in Yuma. They required rezoning to do so. After the City Council approved the rezoning, a citizens committee filed petitions to compel the City to put the matter on the ballot for referendum. The City Clerk forwarded the petitions to the Yuma County Recorder for verification. Appellants sued, seeking an order enjoining the referendum. After hearing evidence and argument, the superior court denied Appellants' request and entered judgment for the City, the County and the citizens committee. We have jurisdiction of Appellants' timely appeal pursuant to Arizona Revised Statues ("A.R.S.") section 12-2101(A)(1) (2016).[1]

**¶2**         On appeal, Appellants first argue the petitions were defective, for three separate reasons. First, Appellants contend that several of the petitions should have been disallowed because Donna White, the leader of the citizens committee, notarized the signatures of the petitions' circulators. Citing A.R.S. § 41-328(C) (2016), Appellants argue White had a conflict of

---

[1]      We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

2

interest that precluded her from notarizing the petitions. Section 41-328(C) prohibits a notary public from notarizing a document when the notary "is an officer of any named party," when the notary is a party to the document, or when the notary will "receive any direct material benefit from the transaction that is evidenced by the notarized document that exceeds in value the fees prescribed . . . ." The cited provision does not apply to White's notarization of the referendum petitions. White's committee was not a party named on the petitions, nor was she personally a party to the petitions. Although she opposes construction of the apartment complex, Appellants offered no evidence that she would receive a "direct material benefit" by placement of the referendum on the ballot.

¶3            Second, Appellants argue the petitions White notarized should be disallowed because her notary journal did not indicate that she administered an oath to the circulators before she notarized the petitions. Notwithstanding what her journal entries indicate, the petitions themselves reflect that the circulators made the required oath before White. Appellants offer no authority for the proposition that the oath should be disregarded if the notary's journal mistakenly shows that the notary performed an acknowledgment rather than administered an oath.

¶4            Third, Appellants argue that several of the petitions should have been disallowed because they contain blank signature lines that were not crossed out or initialed by the circulator. Appellants argue that the notarizations of those petitions are invalid because under § 41-328(A), "[a] notary public shall not perform a jurat on a document that is incomplete." Appellants, however, offer no evidence of any fraud and no legal authority for their contention that a notarized referendum petition that contains blank signature lines is invalid as a matter of law.

¶5            Finally, Appellants also argue that the rezoning was not a legislative act subject to referendum pursuant to A.R.S. §§ 19-141(A), -142 (2016). They argue that under *Wennerstrom v. City of Mesa*, 169 Ariz. 485 (1991), our supreme court held that a city ordinance or resolution that establishes a policy is a legislative act subject to referendum, while a measure that implements that policy is an administrative act not subject to referendum. Appellants contend that the relevant legislative act here was the City's adoption of a prior amendment to the City's General Plan that would allow the apartment complex. They argue the subsequent rezoning ordinance allowing the project was an administrative measure that did nothing more than implement the amended general plan. The supreme court, however, has rejected Appellants' argument. *Fritz v. City of Kingman*,

191 Ariz. 432, 433, ¶ 1 (1998). This court is bound by decisions of our supreme court. *State v. Long*, 207 Ariz. 140, 145, ¶ 23 (App. 2004).

**¶6** For the reasons stated, we affirm the judgment entered by the superior court.

